**UNITED STATES of America,**

v.

**Christopher SHAW, Defendant.**

**No. CR 02–1147 ADS ETB.**

United States District Court,
E.D. New York.

June 27, 2003.

Roslynn R. Mauskopf, United States Attorney, by Timothy S. Driscoll, Assistant United States Attorney, Islip, NY.

Kase & Druker, Garden City, MN (John Laurence Kase, of Counsel) for Defendant.

## ORDER

SPATT, District Judge.

The defendant Christopher Shaw moves to suppress a .32 caliber Davis Industries handgun that was seized on October 12, 2000 from the laundry room adjacent to his basement apartment on the ground that the search violated his Fourth Amendment rights. For the reasons stated below, the defendant is neither entitled to suppression of the handgun nor an evidentiary hearing.

An individual has standing to challenge a warrantless search only if the individual has a reasonable expectation of privacy in the area searched. *Mancusi v. DeForte,* 392 U.S. 364, 366, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968). Elaborating on this principle, the Second Circuit has held that in order to have standing, (1) a party must have a subjective expectation of privacy in the searched place; and (2) that party's expectation must be one that society accepts as reasonable. *United States v. Chuang,* 897 F.2d 646, 649 (2d Cir.1990). According to the Government, the laundry room is located across the hall from the main entrance to the defendant's apartment. The Government argues that the laundry room is a common area and that therefore Shaw did not have a reasonable expectation of privacy in that area. This Court agrees.

It is well-settled that individual tenants in a multifamily dwellings have no legitimate privacy expectations in common areas, *see United States v. Barrios-Mori-*

*era*, 872 F.2d 12, 15 (2d Cir.1989); even when guarded by locked doors, *see United States v. Holland*, 755 F.2d 253, 255 (2d Cir.1985), because common areas are "not within an individual tenant's zone of privacy." *Id.* Common areas do not have to be accessible to the public at large; nor must there be a quantified amount of daily traffic through the area as a basis for determining that a common area is beyond an individual's protected zone of activity. *See United States v. Corcione*, 592 F.2d 111, 118 (2d Cir.1979) (hallways outside second-story apartment in two story, two-apartment house); *United States v. Arboleda*, 633 F.2d 985, 991–92 (2d Cir.1980) (fire escape); *United States v. Wilkes*, 451 F.2d 938, 941 (2d Cir.1971) (hallway outside ground floor apartment in New York City brownstone); *United States v. Llanes*, 398 F.2d 880, 883–84 (2d Cir.1968) (hallway outside rear ground floor apartment).

Here, in an affidavit dated May 15, 2003, Shaw admits that the laundry room was beyond the confines of his residence. Furthermore, in a June 20, 2003 letter, the defendant states that the laundry room was a "part of the house that the defendant shared with his mother and his grandfather." Thus, the Court agrees with the Government that, at most, the laundry room is a common area to which the defendant had access. As such, the defendant had no legitimate expectation of privacy, and therefore has no standing to challenge the search.

Nevertheless, even assuming the laundry room was not a common area and was part of Shaw's apartment, his motion would still be denied. On August 4, 1999, before the defendant was released on parole, Shaw signed a "certificate of release," which listed the terms and conditions of his release. The certificate listed as conditions, among other things, that "(4) I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property . . . (9) I will not own, possess, or purchase any shotgun, rifle or firearm of any type without the written permission of my Parole Officer. . . ." Based on certificate of release, the defendant's parole officer was permitted to search and inspect his "residence and property," including the laundry room. Therefore, the defendant's motion to suppress the gun is **Denied**.